UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 10-6882 DSF (SHx) | Date | 10/4/10 |
|---|---|---|---|

| Title | Madeleine Johnson, et al. v. Paul Arons, et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, County of Los Angeles

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (2001). Remand for lack of subject matter jurisdiction is appropriate "if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." See In re Dynamic Random Access Memory Antitrust Litig., 546 F.3d 981, (9th Cir. 2008) (discussing dismissal for lack of jurisdiction).

The Court has jurisdiction under 28 U.S.C. § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). This latter category of cases is "special and small." Id. at 699. Whether a claim raises a "substantial question of federal law" turns on whether the federal questions presented call for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). In addition, "in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 317. This means that "the federal issue will ultimately qualify for a federal forum [under § 1331] only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." Id. at 313-14. In answering this question,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

courts should assess whether the exercise of jurisdiction could result in "a potentially enormous shift of traditionally state cases into federal courts." Id. at 319.

Defendants have not met their burden of showing the Court has jurisdiction over this case pursuant to § 1331.  Plaintiff's claims are not created by federal law, and Defendants have not presented any evidence or made any allegations that plausibly support a finding that this case fits within § 1331's "special and small" category.  For this reason, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.